**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL J. CONLIN,

        Plaintiff,

vs.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., US
BANK NATIONAL ASSOCIATION, AS
TRUSTEE, ORLANS AND ASSOCIATES,
P.C., MARSHALL ISAACS,

        Defendants.

Civil Action No. 11-15352

Honorable John Corbett O'Meara

Magistrate Mark A. Randon

---

Law Offices of Brian P. Parker, P.C.
Brian P. Parker (P48617)
Attorney for Plaintiff
30600 Telegraph Road, Suite 1350
Bingham Farms, MI  48025
(248) 642-6268 / Fax (248) 642-8875
Email:  brianparker@collectionstopper.com

Dykema Gossett PLLC
Thomas M. Schehr (P54391)
Michael J. Blalock (P68969)
Attorneys for Mortgage Electronic
Registration Systems, Inc. and
U.S. Bank, National Association
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304-5086
(248) 203-0700 / Fax (248) 203-0763
Email: tschehr@dykema.com
       mblalock@dykema.com

---

## MOTION TO DISMISS

Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS") and U.S. Bank,

National Association ("U.S. Bank") (collectively "Defendants"), by and through their attorneys,

Dykema Gossett PLLC, move for summary disposition under Fed. R. Civ. P. 12(b)(1), 12(b)(6)

and 9(b).  As support for their motion, Defendants rely upon their Brief filed contemporaneously.

In accordance with E.D. Mich. LR 7.1(a) and this Court's motion practice guidelines, on

December 12, 2011 there was correspondence between the parties' attorneys, in which defense

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

counsel (i) explained the nature of this Motion and its legal basis, and (ii) requested but did not

obtain concurrence in the relief sought.

Wherefore, Defendants request that this Court enter an order (i) granting Defendants'

motion to dismiss, (ii) dismissing Plaintiff's Complaint with prejudice, and (iii) granting such

further relief as is appropriate under the circumstances.

Respectfully submitted,

DYKEMA GOSSETT PLLC


By: /s/ Michael J. Blalock
Thomas M. Schehr (P54391)
Michael J. Blalock (P68969)
Attorneys for Mortgage Electronic
Registration Systems, Inc. and U.S. Bank,
National Association
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304-5086
(248) 203-0700
tschehr@dykema.com
mblalock@dykema.com

Date: December 12, 2011

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL J. CONLIN,

       Plaintiff,

                                    Civil Action No. 11-15352

vs.

                                    Honorable John Corbett O'Meara

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., US        Magistrate Mark A. Randon
BANK NATIONAL ASSOCIATION, AS
TRUSTEE, ORLANS AND ASSOCIATES,
P.C., MARSHALL ISAACS,

       Defendants.

---

Law Offices of Brian P. Parker, P.C.    Dykema Gossett PLLC
Brian P. Parker (P48617)              Thomas M. Schehr (P54391)
Attorney for Plaintiff                 Michael J. Blalock (P68969)
30600 Telegraph Road, Suite 1350    Attorneys for Mortgage Electronic
Bingham Farms, MI  48025           Registration Systems, Inc. and
(248) 642-6268 / Fax (248) 642-8875    U.S. Bank, National Association
Email:  brianparker@collectionstopper.com  39577 Woodward Avenue, Suite 300
                                      Bloomfield Hills, MI  48304-5086
                                      (248) 203-0700 / Fax (248) 203-0763
                                      Email: tschehr@dykema.com
                                          mblalock@dykema.com

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................... 1

II.   FACTS ................................................................................................................... 2

      A.    The Property, The Note, And The Mortgage ........................................... 2

      B.    The Assignment To U.S. Bank ................................................................. 3

      C.    Plaintiff's Default And U.S. Bank's Foreclosure .................................... 3

III.  ARGUMENT ........................................................................................................ 4

      A.    Standard Of Review ................................................................................. 4

            1.    Fed. R. Civ. P. 12(b)(1) .............................................................. 4

            2.    Fed. R. Civ. P. 12(b)(6) .............................................................. 4

            3.    Fed. R. Civ. P. 9(b) .................................................................... 5

      B.    Plaintiff Lacks Standing to Sue Because He Lost His Interest In The
            Property .................................................................................................... 6

      C.    Plaintiff Lacks Standing To Challenge The Assignment Of Mortgage ................. 9

      D.    Plaintiff's Complaint Should Be Dismissed Because Plaintiff Is Guilty of
            Laches ..................................................................................................... 11

      E.    Plaintiff's Fraud Claims Fail Because They Are Not Alleged With The
            Requisite Particularity ........................................................................... 12

            1.    Plaintiff's Fraud Claim Fails Because They Have Not Pled Fraud
                  With The Requisite Particularity ............................................... 12

            2.    Plaintiff's Fraud Claim Also Fails Because Plaintiff Did Not Plead
                  With Specificity That Defendants Knew The Alleged Statements
                  Were False ................................................................................. 13

            3.    Plaintiff's Fraud Claim Fails Because Plaintiff Cannot Show
                  Reasonable Reliance .................................................................. 14

      F.    The Foreclosure Complied With Michigan Law.  However, Even If It Did
            Not, There Is Not Authority To Set Aside The Sale ............................... 15

      G.    Plaintiff Fails To State A Claim For Quiet Title .................................... 17

      H.    Plaintiff Fails To State A Claim For Breach Of Contract ...................... 17

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

ii

I.    Plaintiff Fails To State A Claim For Conversion .................................................. 18

      1.    Common Law Conversion .......................................................... 18

      2.    Statutory Conversion ................................................................ 18

J.    Plaintiff's Remaining Claims Fail Because U.S. Bank Was Entitled To Foreclose ........................................................................................ 19

IV.    CONCLUSION ................................................................................................ 20

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## STATEMENT OF ISSUES PRESENTED

I.    Whether Plaintiff's Complaint should be dismissed where Plaintiff lost standing to challenge the foreclosure of his mortgage after the post-foreclosure redemption period expired?

II.    Whether Plaintiff's challenge to the assignment of his mortgage from Mortgage Electronic Registration Systems, Inc. to U.S. Bank, National Association should be dismissed where Plaintiff is a stranger to the assignment and, therefore, he lacks standing to challenge the assignment?

III.    Whether Plaintiff's entire Complaint should be dismissed because Plaintiff is guilty of laches due to his unreasonable delay in bringing this lawsuit?

IV.    Whether Plaintiff's fraud claims fail because they are not alleged with the requisite particularity?

V.    Whether Plaintiff's claim that Defendants violated M.C.L. § 600.3205a fails because Defendants complied with the statute and, even if they did not, Plaintiff is not entitled to the relief that he requested (an order setting aside the foreclosure sale)?

VI.    Whether Plaintiff's quiet title claim fails because Plaintiff has not alleged a *prima facie* case of title?

VII.    Whether Plaintiff's breach of contract claim fails because it is entirely dependent upon an improper reading of the plain and unambiguous language of Plaintiff's mortgage?

VIII.    Whether Plaintiff's conversion claim, which is based upon the alleged conversion of the promissory note that Plaintiff signed, fails because the note is not Plaintiff's property and it cannot be converted?

IX.    Whether Counts VII and VIII of Plaintiff's Complaint fail because they do not state cognizable causes of action under Michigan law where, as here, U.S. Bank, National Association, as mortgagee, was entitled to foreclose under Michigan and the foreclosure complied with Michigan law?

To all of these questions, Defendants Mortgage Electronic Registration Systems, Inc. and U.S. Bank, National Association, answer: "*Yes*"

This Court should answer: "*Yes*"

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## **CONTROLLING AND MOST APPROPRIATE AUTHORITY**

### **Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007)

*Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)

*Cleveland Branch, NAACP v. City of Parma, Ohio*, 263 F.3d 513, 523-24 (6th Cir. 2001)

*Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)

*Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992)

*Livonia Property Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 746 (E.D. Mich. 2010) (applying Michigan law), *aff'd*, No. 10-1782, 399 Fed. App'x 97, 2010 WL 4275305 (6th Cir. Oct. 28, 2010)

*Worthy v. World Wide Financial Servs, Inc*, 347 F. Supp. 2d 502 (E.D. Mich. 2004) *aff'd* 192 Fed. Appx. 369 (6th Cir., 2006)

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976)

*Piotrowski v. State Land Office Bd*, 302 Mich. 179, 187, 4 N.W.2d 514 (1942)

*Residential Funding Co. LLC v. Saurman*, 490 Mich. 909; 805 N.W.2d 183 (2011)

*Reid v. Rylander*, 270 Mich. 263; 258 N.W. 630 (1935)

*Senters v. Ottawa Savings Bank, FSB*, 443 Mich. 45, 52-53, 503 N.W.2d 639 (1993)

*Boekeloo v. Kuschinski*, 117 Mich. App. 619, 628-29; 324 N.W.2d 104 (1982)

*Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 111; 593 NW2d 595 (1999)

*Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 162 Mich. App. 750, 756-57; 413 N.W.2d 99 (1987)

*Mission of Love v. Evangelist Hutchinson Ministries*, Case No. 266219, 2007 WL 1094424, at *5 (Mich. Ct. App. Apr 12, 2007)

*MOSES Inc. v. SE Michigan Council of Gov'ts*, 270 Mich. App. 401, 414, 716 N.W.2d 278 (2006)

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

*Overton v. Mortgage Electronic Registration Sys.*, Case No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009)

*Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 497; 739 N.W.2d 656 (2007)

*Wayne County v. Wayne County Retirement Comm'n*, 267 Mich. App. 230, 252; 704 N.W.2d 117 (2005)

*Webb v. First of Michigan Corp*, 195 Mich. App. 470, 474; 491 N.W.2d 851 (1992)

## Statutes

M.C.L. § 600.3204

M.C.L. § 600.3205a

M.C.L. § 600.3205c(8)

M.C.L. § 600.2919a

M.C.L. § 600.3236

M.C.L. § 600.3240(8)

## Rules

Fed. R. Civ. P. 12(b)(1)

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 9(b)

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## I.      <u>INTRODUCTION</u>

This lawsuit is a delay tactic designed to allow Plaintiff to continue in possession of a parcel of real property to which he is no longer entitled.  Plaintiff filed his Complaint—likely a cookie-cutter pleading based upon the title: "MERS Linda Green Marshall Isaacs Complaint"— seeking to remain in possession of the property for as long as possible by alleging a myriad of baseless allegations against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and U.S. Bank, National Association ("U.S. Bank") (collectively "Defendants"). Specifically, Plaintiff alleges that the foreclosure of his mortgage was improper because of alleged "robo-signing."  Plaintiff ignores that his allegations of "robo-signing" are baseless where, as here, his mortgage was foreclosed by a non-judicial process and there are no sworn documents upon which the foreclosure was based.

In his Complaint, Plaintiff alleges the following claims:  Count I, fraud (related to the assignment of mortgage from MERS to U.S. Bank); Count II, fraud (related to various other unspecified affidavits and assignments); Count III, violation of M.C.L. § 600.3205a; Count IV, quiet title; Count V, breach of contract; Count VI, conversion; Count VII, defendants are not holders of the original notes; and Count VIII, defendants are not real parties in interest.  Each of Plaintiff's claims fails for at least the following reasons:

- *First*, Plaintiff does not have standing to challenge the foreclosure because the redemption period has expired.  Therefore, Plaintiff's claims are not properly before the Court, and his entire Complaint should be dismissed.

- *Second*, Plaintiff does not have standing to challenge the assignment of mortgage from MERS to U.S. Bank because Plaintiff is a stranger to the assignment.

- *Third*, Plaintiff's entire Complaint should be dismissed because Plaintiff is guilty of laches due to his unreasonable delay in bringing this lawsuit.

- *Fourth*, Plaintiff's fraud claims fail because they are not alleged with the requisite particularity.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

- ***Fifth***, Plaintiff's claim that Defendants violated M.C.L. § 600.3205a fail because Defendants complied with the statute. Nevertheless, even if Defendants violated the statute, M.C.L. § 600.3205a does not permit a court to set aside a foreclosure or to grant Plaintiff any affirmative relief.

- ***Sixth***, Plaintiff's quiet title claim fails because Plaintiff has not alleged a *prima facie* case of title.

- ***Seventh***, Plaintiff's breach of contract claim fails because it is entirely dependent upon an improper reading of the plain and unambiguous language of Plaintiff's mortgage.

- ***Eighth***, Plaintiff's conversion claim, which is based upon the alleged conversion of the promissory note that Plaintiff signed, fails because the note is not Plaintiff's property and it cannot be converted.

- ***Ninth***, Counts VII and VIII do not state cognizable causes of action under Michigan law. Indeed, U.S. Bank, as mortgagee, was entitled to foreclose as a matter of Michigan law, and the foreclosure conducted by U.S. Bank complied with Michigan law.

For all of these reasons, Plaintiff's Complaint fails to state a claim against Defendants, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 9(b).

## II.   <u>FACTS</u>

### A.   <u>The Property, The Note, And The Mortgage</u>

This case involves real property located at 1304 Belmar Place, Ann Arbor, MI 48103 (the "Property"). On April 8, 2005, Plaintiff obtained a refinancing loan in the amount of $240,000.00 (the "Loan") from original lender Bergin Financial, Inc. ("Bergin"). Plaintiff signed a promissory note (the "Note") promising to repay the loan. *See* **Ex. A**, Note. To secure the indebtedness due under the Note, Plaintiff granted a mortgage on the Property in favor of MERS as nominee for Bergin and Bergin's successors and assigns (the "Mortgage"). *See* **Ex. B**, Mortgage. The Mortgage was recorded on May 6, 2005, at Liber 4776, at Page 372, Washtenaw County Records. *See id.*

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

Plaintiff's initial monthly principal and interest obligation under the Note was $1,576.63. **Ex. A**, Note.  If he failed to make these payments, the Mortgage allowed its holder to commence foreclosure proceedings against the Property.  **Ex. B**, Mortgage.

### B.    The Assignment To U.S. Bank

On March 15, 2008 the Mortgage was assigned to U.S. Bank (the "Assignment).  **Ex. C**, Assignment.  The Assignment was recorded on May 20, 2008 in Liber 4682, Page 521, Washtenaw County Records.  *See id*.  Plaintiff is not a party to the Assignment.  *Id*.

### C.    Plaintiff's Default And U.S. Bank's Foreclosure

Plaintiff failed to pay and defaulted on his Loan.  Accordingly, U.S. Bank proceeded with foreclosure by advertisement.  U.S. Bank published notice of the foreclosure sale in the Western Group newspapers on March 3, 10, 17, and 24, 2010.  *See* **Ex. D**, Sheriff's Deed at p. 5 of 10. Notice of the foreclosure was posted at the Property on March 6, 2011.  *Id*. at p. 4 of 10.  Notice in compliance with M.C.L. § 600.3205a informing Plaintiff of his rights under the statute was sent to Plaintiff, and was published in the Western Group newspapers on December 2, 2010.  *Id*. at pp. 3 of 10, 8 of 10.

Plaintiff attempted to avail himself of his statutory right to conduct a meeting under M.C.L. § 600.3205a.  *Id*. at 8 of 10.  Plaintiff failed to provide U.S. Bank's designee with the financial documents necessary to determine if he was eligible for a modification as required under M.C.L. § 600.3205b(2).  *Id*. at 8 of 10.  Thus, the meeting was not held, and the foreclosure proceedings continued as permitted under Michigan law.

The foreclosure culminated with a March 31, 2011 sheriff's sale.  *See* **Ex. D**, Sheriff's Deed.  U.S. Bank was the highest bidder at the sale and purchased the Property for $159,200.00. *Id*.  The six-month redemption period expired on September 30, 2011.  *See id*.  Plaintiff did not

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY 39577 WOODWARD AVENUE SUITE 300 BLOOMFIELD HILLS, MICHIGAN 48304

3

redeem the Property within the time permitted under Michigan law. *Id*. Therefore, title to the Property vested in U.S. Bank.

## III.   ARGUMENT

### A.   Standard Of Review

#### 1.   Fed. R. Civ. P. 12(b)(1)

Fed. R. Civ. P. 12(b)(1) provides for a motion to dismiss for lack of subject matter jurisdiction. To survive a 12(b)(1) motion, a plaintiff has the burden of proving jurisdiction. *Martinez v. Dep't of Homeland Security*, 502 F. Supp. 2d 631, 634 (E.D. Mich. 2007) (*citing Rogers v. Stratton Indus.*, 708 F.2d 913, 915 (6th Cir. 1986)). Such motions must be granted if, "taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim." *Id*. (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

#### 2.   Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a *suspicion* [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (emphasis added) (internal citation omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1950 (internal quotation marks and citation omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.

In ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider the complaint as well as (i) documents referenced in the pleadings and central to plaintiff's claims,

(ii) matters of which a court may properly take notice, (iii) public documents, and (iv) letter decisions of government agencies may be appended to a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); *see also Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)). Specifically in contract cases such as this, "if the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit, " which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner*, *supra.* The Court also is entitled to consider matters of public record without converting the motion to one for summary judgment. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). Therefore, the Court can consider the Note, the Mortgage, and the Sheriff's Deed without converting this motion to a motion under Rule 56.

### 3.   Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 9(b) requires a party to allege fraud or mistake with particularity. Fed. R. Civ. P. 9(b). Under Rule 9(b), Plaintiff "must at a minimum allege the time, place and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). In addition, Plaintiff must set forth the identity of the person who made the alleged misrepresentations. *See Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992). The Complaint, or any relevant part thereof, may be dismissed for failure to state a claim if the particularity requirement is not met. *FFOC Co. v. Invent A.G.*, 882 F. Supp. 642, 658-59 (E.D. Mich. 1994); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citation omitted).

**B.** **Plaintiff Lacks Standing to Sue Because He Lost His Interest In The Property**

The Sixth Circuit has articulated the requirements that a plaintiff must establish to demonstrate standing. "To satisfy Article III's standing requirements, a plaintiff must show: '(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Cleveland Branch, NAACP v. City of Parma, Ohio*, 263 F.3d 513, 523-24 (6th Cir. 2001) (*quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000)).

Here, Plaintiff lacks standing to sue because he does not have an interest in the outcome of the litigation. Specifically, Plaintiff does not have an interest in the Property because the redemption period has expired. Following foreclosure, the rights and obligations of the parties are governed by statute. *Senters v. Ottawa Savings Bank, FSB*, 443 Mich. 45, 52-53, 503 N.W.2d 639 (1993). Michigan law grants a mortgagor of residential property a statutory redemption period of six months. M.C.L. § 600.3240(8). When the redemption period expires, the purchaser who received the sheriff's deed is vested with "all the right, title, and interest" in the property. M.C.L. § 600.3236; *see also Piotrowski v. State Land Office Bd*, 302 Mich. 179, 187, 4 N.W.2d 514 (1942) (noting that the "[p]laintiffs . . . lost all their right, title, and interest in and to the property at the expiration of their right of redemption . . .").

U.S. Bank purchased the Property at the sheriff's sale, and Plaintiff's time for redeeming the Property expired on September 30, 2011. *See* **Ex. D**, Sheriff's Deed. After the expiration of the redemption period, Plaintiff no longer had standing to sue for any claims that were not related to the foreclosure process. *See Reid v. Rylander*, 270 Mich. 263; 258 N.W. 630 (1935).

DYKEMA GOSSETT∙A PROFESSIONAL LIMITED LIABILITY COMPANY∙39577 WOODWARD AVENUE∙SUITE 300∙BLOOMFIELD HILLS, MICHIGAN 48304

In *Reid*, the successor trustee under a deed of trust (mortgage) containing a power of sale foreclosed and, after the redemption period expired, commenced eviction proceedings. *Id.* at 266. During the eviction proceedings, the mortgagor argued that the successor trustee was not appointed in accordance with the mortgage and did not have a right to foreclose. *Id.* The Michigan Supreme Court held that the mortgagor could not challenge the legal capacity of the mortgagee or trustee in an eviction proceeding after the redemption period expired:

> We again hold that validity of the sale may be tested in a summary proceeding based thereon, in so far as invalidity thereof appears in the procedure, but **underlying equities, if any, bearing on the instrument, legal capacity of the mortgagee or trustee, and other matters**, wholly dehors the record, inclusive of an accounting to determine the amount due, **cannot be made triable issues in a summary proceeding**.

*Id.* at 267 (emphasis added).

More recently, the Michigan Court of Appeals rejected the standing of a former property owner who allowed the redemption period to expire in *Overton v. Mortgage Electronic Registration Sys.*, Case No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (unpublished, **Ex. E**). In *Overton*, the plaintiff claimed fraud in connection with a foreclosure sale. *Id.* at *1. The plaintiff filed the lawsuit several months after the foreclosure sale date, but before the expiration of the redemption period. *Id.* The redemption period expired a few weeks after the plaintiff filed suit, and the defendants brought a motion for summary disposition asserting that the plaintiff no longer had standing to assert any continued interest in the subject property. *Id.* The Michigan Court of Appeals affirmed the trial court's order of summary disposition in the defendants' favor. *Id.* The Court of Appeals noted:

> Plaintiff's suit did not toll the redemption period. Plaintiff is simply trying to wage a collateral attack on the foreclosure of the property. Even if his assertions were true and the cases he cites indeed supported his arguments, plaintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

sale.  Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period.

*Id.*; *see also Mission of Love v. Evangelist Hutchinson Ministries*, Case No. 266219, 2007 WL 1094424, at *5 (Mich. Ct. App. Apr 12, 2007) (unpublished, **Ex. F**) (concluding that after the redemption period expired, plaintiff had no interest in the property so the trial court could not grant plaintiff's requested relief).

Here, the sheriff's sale took place on March 31, 2011, the redemption period expired on September 30, 2011, and Plaintiff failed to tender the amount required to redeem the Property prior to the expiration of the redemption period.  After the redemption period expired, U.S. Bank was vested with "all the right, title, and interest" that Plaintiff had previously held in the Property.  M.C.L. § 600.3240(8); M.C.L. § 600.3236.  Plaintiff lost any "legal or equitable right, title or interest in the subject matter of the controversy" on September 30, 2011.  *See MOSES Inc. v. SE Michigan Council of Gov'ts*, 270 Mich. App. 401, 414, 716 N.W.2d 278 (2006).  Accordingly, Plaintiff no longer has standing to assert any interest in the Property, and all of his claims should be dismissed.[1]  *See Galati v. Wells Fargo Bank*, Case No. 11–11487, 2011 WL 5178276, *3 (E.D. Mich. Nov. 1, 2011) (holding that because the redemption period had expired "plaintiff, the former owner, lost standing to assert claims with respect to the property") (unpublished, **Ex. G**).

---

[1] In *Overton, supra*, the Michigan Court of Appeals held that the failure of a borrower to raise a claim prior to redemption is an issue of standing.  However, even without the *Overton* standing law, Plaintiff still has not plead facts sufficient to establish a claim to set aside a sheriff's sale under Michigan law.  "The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."  *Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 497; 739 N.W.2d 656 (2007) (citing *U.S. v. Garno*, 974 F.Supp 628, 633 (E.D. Mich. 1997)).  Plaintiffs fail even to approach meeting this high threshold to set aside the foreclosure sale.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

### C.    <u>Plaintiff Lacks Standing To Challenge The Assignment Of Mortgage</u>

Plaintiff's attempt to challenge the assignment of the Mortgage from MERS to U.S. Bank is similarly misplaced.   While Plaintiff claims that the Assignment is invalid because the Assignment transferred the mortgage into an unidentified trust in violation of an unidentified pooling and servicing agreement ("PSA"), Plaintiff is not a party to the Assignment, he is not a beneficiary of any applicable trust, and he lacks standing to invoke or challenge the PSA.

Courts from numerous jurisdictions have soundly rejected mortgagors' attempts to claim third-party beneficiary status under pooling and servicing agreements such as Plaintiff's claim regarding the alleged PSA in this case.   In *Livonia Property Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 746 (E.D. Mich. 2010) (applying Michigan law), *aff'd*, No. 10-1782, 399 Fed. App'x 97, 2010 WL 4275305 (6th Cir. Oct. 28, 2010), this Court rejected a plaintiff's attempt to challenge a Michigan foreclosure by advertisement because, "regardless" of the PSA, plaintiff "was not and is not a party to" the PSA or assignments of the mortgage, and, thus, "lack[ed] standing to challenge their validity or the parties' compliance with those contracts[.]"   *Livonia*, 717 F. Supp. 2d at 747.   In reaching its decision, the *Livonia* court extensively analyzed the facts and holding of *In re Almeida,* 417 B.R. 140 (Bankr. D. Mass. 2009), where a nonparty to a PSA "claimed that the assignment of the mortgage was invalid because it failed to comply with certain terms of a Pooling and Servicing Agreement (PSA), which the third party claimed required the mortgage to be assigned to an interim entity . . . before being assigned to the trust."   *Livonia*, 717 F. Supp. 2d at 747, citing *Almeida*, 417 B.R. at 148.   The *Livonia* court noted and followed the several bases upon which the *Almeida* court rejected the third-party's contentions, including that, like here, (1) "to the extent that the assignment was made without actual authority, that defect was remedied through the assignor's ratification or acquiescence;" (2) "*[e]ven if this direct assignment were somehow*

9

*violative of the PSA,* giving rise to unfavorable tax, regulatory, contractual, and tort consequences, *neither the PSA nor those consequences would render the assignment itself invalid*;" and (3) the third-party was "*not a third party beneficiary of the PSA, and, ironically, he would appear to lack standing to object to any breaches of the terms of the PSA*" whereas "the investors who bought securities based upon the pooled mortgages would be the parties with standing to object to any defects in those mortgages resulting from any failure to abide by the express provisions of the PSA." *Livonia*, 717 F. Supp. 2d at 748 (emphasis in original), citing *Almeida*, 417 B.R. at 149.

In following the *Almeida* court's reasoning and holding, the *Livonia* court summarized the issues in a way directly applicable to this case, stating:

> Just as in [*Almeida*], the Defendant here has established that it is the holder of the original Note and Mortgage.  And, just as in *Almeida,* the Plaintiff here lacks standing to assert any breaches in the terms of any contracts between the assigning entities.  Moreover, any purported breaches in *those* contracts would not render the assignments themselves (which are separate contracts) void.  And by transferring the original Loan Documents, including the Note, Mortgage, and all Assignments, all assigning entities appear to have ratified any alleged breaches in the terms of those contracts.

*Livonia*, 717 F. Supp. 2d at 748 (internal citations omitted).

Here, Plaintiff has no standing to assert that any defendant breached the terms of any unidentified trust or PSA.  Further, no party *with* standing to assert such alleged breaches has done so and, therefore, those parties have "ratified any alleged breaches in the terms of" the alleged PSA.  *Id.*[2]  Thus, Plaintiff has no standing to assert such a claim and Counts I and II should be dismissed.

---

[2]  Besides the *Livonia* and *Almeida* courts, numerous other courts have held that mortgagors have no standing to assert breaches or rights under PSAs to which they were not parties.  *See, e.g., In re Smoak*, No. 09–30421, 2011 WL 4502596, at *5 (Bankr. S.D. Ohio Sept. 28, 2011); *Correia v. Deutsche Bank Nat'l Trust Co.*, 452 B.R. 319, 324-25 (B.A.P. 1st Cir. 2011); *Long v. One West Bank, FSB*, No. 11 C 703, 2011 WL 3796887, at *4 (N.D. Ill. Aug. 24,

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

### D.      Plaintiff's Complaint Should Be Dismissed Because Plaintiff Is Guilty of Laches

Plaintiff's claims should also be dismissed because Plaintiff is guilty of laches.  The equitable doctrine of laches is utilized to "remedy the general inconvenience resulting from delay in the assertion of a legal right which it is practicable to assert."  *Wayne County v. Wayne County Retirement Comm'n*, 267 Mich. App. 230, 252; 704 N.W.2d 117 (2005) (internal quotations omitted).  It applies to delays that are "unexcused or unexplained . . . ."  *Id.* (internal quotation omitted).

The Michigan Court of Appeals has applied the doctrine of laches to a dispute concerning a foreclosure sale.  *Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 162 Mich. App. 750, 756-57; 413 N.W.2d 99 (1987).  In *Jackson*, the plaintiff waited until five months after the foreclosure sale to bring a claim contesting the sale's validity.  *Id.* at 756.  The trial court concluded, and the Court of Appeals affirmed, that plaintiff was guilty of laches, and refused to invalidate the sheriff's sale.  *Id.* at 757.

The decision in *Worthy v. World Wide Financial Servs, Inc*, 347 F. Supp. 2d 502 (E.D. Mich. 2004) *aff'd* 192 Fed. Appx. 369 (6th Cir., 2006) also is instructive.  In *Worthy*, the mortgagor did not redeem the property before the redemption period expired and did not file a complaint until six months after the foreclosure sale.  In granting a motion to dismiss of the defendant-mortgagee, this Court relied on the reasoning in *Jackson* and stated that "even if [the mortgagee] failed to comply with the foreclosure notice statute, I would not have sufficient grounds to invalidate the foreclosure sale, because of a lack of prejudice."  *Id.* at 511.

_____

2011); *Anderson v. Countrywide Home Loans,* No. 10-2685, 2011 WL 1627945, at *4 (D. Minn. April 8, 2011); *Kelly v. Deutsch Bank Nat'l Trust Co*., 789 F. Supp. 2d 262, 267 (D. Mass. 2011); *Cooper v. Bank of NY Mellon*, No. 11–00241 LEK–RLP, 2011 WL 3705058, at *17 (D. Hawai'i Aug. 23, 2011); *Bittinger v. Wells Fargo Bank NA,* 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

In the present case, Plaintiff contests a foreclosure that culminated with an March 31, 2011 sheriff's sale. As in *Jackson* and *Worthy*, Plaintiff's claims are barred because he waited nearly eight months to file suit to challenge the sale. Plaintiff's delay in bringing this case is longer than that which the Court of Appeals found inexcusable as a matter of law in *Jackson*. Moreover, Plaintiff has not shown any prejudice from any alleged defect in the foreclosure sale and he does not allege that he ever attempted to redeem the Property thereafter. *See Jackson*, 162 Mich. App. at 756. Plaintiff has failed to allege any explanation for his delay. Plaintiff's delay in asserting purported faults in the foreclosure and the sheriff's sale is inexcusable, and therefore he is guilty of laches. As such, Plaintiff's claims to are barred as a matter of law. *Jackson*, 162 Mich. App. at 756-57. Defendants' motion to dismiss should be granted.

### E.   Plaintiff's Fraud Claims Fail Because They Are Not Alleged With The Requisite Particularity

Plaintiff's fraud claims—Counts I and II—also fail because Plaintiff does not allege the elements of fraud with the requisite particularity required under Rule 9(b). Specifically, Plaintiff's claim fails because: (1) Plaintiff failed to plead fraud with particularity; (2) Plaintiff failed to provide the factual basis for his belief that Defendants knew the alleged representations were false; and (3) Plaintiff cannot show reasonable reliance.

#### 1.   Plaintiff's Fraud Claim Fails Because They Have Not Pled Fraud With The Requisite Particularity

In order to state a claim of fraud, Plaintiff is required to plead:

> (1) That defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by Plaintiffs; (5) that Plaintiffs acted in reliance upon it; and (6) that he thereby suffered injury.

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 39577 WOODWARD AVENUE • SUITE 300 • BLOOMFIELD HILLS, MICHIGAN 48304

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976) (internal quotations omitted). The absence of any one of these elements is fatal to recovery. *Id*. Under Rule 9(b), Plaintiff "must at a minimum allege the time, place and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). In addition, Plaintiff must set forth the identity of the person who made the alleged misrepresentations. *See Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992).

Here, while Plaintiff identifies Orlans and Marshall Isaacs as parties who signed the documents in which representations were allegedly made, Plaintiff does not allege:

- *who* specifically made alleged representations or statements to him;

- *what* were the specific contents of the alleged representation;

- *where* were the purported representations made;

- *when* were the purported representations made; or

- *how* the purported representations induced Plaintiff to act.

Indeed, Plaintiff provides little detail about the purported representations upon which he bases his claims. From the allegations in the Complaint, it is only apparent that the representations were made sometime around the foreclosure proceedings. *See* Dkt. 1, Ex. 1, Complaint at ¶¶ 38-40, 49. Plaintiff alleges, without support, that representations were made and that he relied upon them. *See id*. These conclusory allegations do not support Plaintiff's claim and do not withstand Rule 12 scrutiny (*see Twombly*, 550 U.S. at 555; *Ashcroft*, 129 S. Ct. at 1949-50), let alone Rule 9(b)'s heightened pleading standards. Thus, Counts I and II should be dismissed.

### 2. Plaintiff's Fraud Claim Also Fails Because Plaintiff Did Not Plead With Specificity That Defendants Knew The Alleged Statements Were False

Plaintiff states in a conclusory fashion that Defendants knew the alleged representations (whatever they may be) were false when they were made. But Plaintiff fails to allege any

specific facts to support his claim as is required under Fed. R. Civ. P. 9(b).  This is also fatal to Plaintiff's fraud claim.  *See Ormanian v. Detroit Entertainment, LLC*, Case No. No. 256424, 2005 WL 2372084, at *2 (Mich. Ct. App. September 27, 2005) (holding that "Plaintiffs g[a]ve no specific indication of their basis for claiming that defendants knew they were making false representations.  Thus, defendants were entitled to summary disposition with regard to plaintiffs' fraudulent misrepresentation claims because they were not pleaded with particularity") (unpublished, **Ex. H**).  Here, Plaintiff conclusively states that "Defendants . . . knew that the assignment to the Trust beyond the closing date was invalid" and that "[t]he false affidavits were material to the foreclosure process" *See* Dkt. 1, Ex. 1, Complaint at ¶¶ 37, 49.  Plaintiff provides no factual basis to support those allegations.  In fact, Plaintiff does not even identify the documents or affidavits upon which he bases his claim.  Thus, Plaintiff fails to state a claim for fraud and Counts I and II should be dismissed.

### 3.   Plaintiff's Fraud Claim Fails Because Plaintiff Cannot Show Reasonable Reliance

Plaintiff's fraud claim fails for the additional reason that Plaintiff cannot show reasonable reliance.  Plaintiff alleges that he relied on the alleged misrepresentation "by believing that these large mortgage and banking entities had proceeded in accordance with the law and truly owner her (sic) mortgage." *See* Dkt. 1, Ex. 1, Complaint at ¶ 39.  But to state a fraud claim, reliance on an alleged misrepresentation must be reasonable.  *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App. 675, 690 (Mich. Ct. App. 1999) (holding that "a person who unreasonably relies on false statements should not be entitled to damages for misrepresentation").

Plaintiff provides no factual basis to support his allegation that he relied on any purported misrepresentation or that such reliance was reasonable.  *See Shivers v. McMartin, Wasek and Associates, Inc.*, Case No. 251569 , 2005 WL 1959480, at *2-*3 (Mich. Ct. App. April 16, 2005)

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

(holding plaintiff failed to state fraud claims because, although plaintiff alleged reliance, he failed to include any supporting factual allegations and "[m]ere conclusory statements, unsupported by factual allegations, are insufficient to state a cause of action.") (unpublished, **Ex. I**).  It is not reasonable for a plaintiff to rely upon a representation "where the means of knowledge regarding the truthfulness of the representation are available to the plaintiff and the degree of their utilization has not been prohibited by the defendant." *Webb v. First of Michigan Corp*, 195 Mich. App. 470, 474; 491 N.W.2d 851 (1992).

Here, it is not reasonable for Plaintiff to rely on any purported representation made by any defendant because he had all of the information available to him, but he failed to verify it.  The Mortgage contained the terms under which U.S. Bank could pursue foreclosure (see **Ex. B**, Mortgage at p. 3 and ¶ 22), and the relevant notices of foreclosure informed Plaintiff that the sheriff's sale was approaching (see **Ex. D**, Sheriff's Deed).  As was the case in *Webb*, Plaintiff cannot claim to have been defrauded when they had all of the relevant information available to them, but chose to ignore it.  *See Webb*, 195 Mich. App. at 474.  Therefore, Plaintiff fails to state a claim for fraud and misrepresentation because he failed to allege factual allegations of reliance, and if they did rely on any purported representations, the reliance was not reasonable.

### F.     The Foreclosure Complied With Michigan Law.  However, Even If It Did Not, There Is Not Authority To Set Aside The Sale

Plaintiff's allegations concerning U.S. Bank's purported non-compliance with Michigan's loan modification statutes, M.C.L. § 600.3205a, *et seq.*, fail for two reasons.  First, as illustrated by the recorded affidavits accompanying the Sheriff's Deed, U.S. Bank complied with M.C.L. § 600.3205a, *et seq.*  **Ex. D**, Sheriff's Deed at p. 8 of 10.  In fact, U.S. Bank provided the requisite notice to Plaintiff, and Plaintiff attempted to avail himself of the meeting mandated

under the statute. *Id*. The meeting was not held, however, because Plaintiff failed to return the documents required under the law. *Id*.

Second, regardless of whether U.S. Bank complied with M.C.L. § 600.3205a, there is no authority under the statute that would allow Plaintiff to reverse the sale on based upon a purported violation of M.C.L. § 600.3205a. . M.C.L. § 600.3205a does not permit a court to reverse the sheriff's sale. Instead, the statutes include a specific enforcement mechanism that provides a borrower with an opportunity to enjoin the sale and force the foreclosure to be conducted under the judicial foreclosure process. *See* M.C.L. § 600.3205c(8). Unless the borrower timely files a complaint seeking such relief, nothing prevents the lender from foreclosing by advertisement. *Id*. The statute does not provide a plaintiff with a cause of action to seek the reversal of a sheriff's sale that has already occurred. *Id*. Indeed, other courts in this district have examined this very issue on multiple occasions, and concluded that a borrower's sole relief for a purported violation of the loan modification statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure, prior to the sale. *Stein v. U.S. Bancorp*, 2011 WL 740537, at * 10 (E.D. Mich. Feb. 24, 2011) ("The provision allows certain borrowers to determine the type of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure." (emphasis in original)) (unpublished, **Ex. J**); *Adams v. Wells Fargo Bank, N.A.*, No. 11–10150, 2011 WL 3500990, at * 4 (E.D. Mich. Aug. 10, 2011) (unpublished, **Ex. K**) ("Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief. The plain language of § 600.3205c(8) limits his relief. It does not authorize the Court to set aside the foreclosure."). Accordingly, Plaintiff's claim should be dismissed.

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY 39577 WOODWARD AVENUE SUITE 300 BLOOMFIELD HILLS, MICHIGAN 48304

### G.    **Plaintiff Fails To State A Claim For Quiet Title**

The plaintiff in an action to quiet title bears the burden of proof and must establish a *prima facie* case of title. *Boekeloo v. Kuschinski*, 117 Mich. App. 619, 628-29; 324 N.W.2d 104 (1982). Here, Plaintiff's Complaint fails to allege any facts establishing a *prima facie* case of title. Plaintiff does not contest that he failed to pay and defaulted on the Loan, and he provides no factual basis to support any of his claims that the foreclosure proceedings were somehow defective. These claims, even if they had any merit (which they do not), merely attack the foreclosure process and do not address a legitimate title dispute and therefore do not state a *prima facie* claim for quiet title. *See Mekani v. Homecomings Financial, LLC*, 752 F. Supp. 2d 785, 796 (E.D. Mich. 2010).

Moreover, "[t]he Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 497; 739 N.W.2d 656 (2007) (citing *U.S. v. Garno*, 974 F.Supp 628, 633 (E.D. Mich. 1997)). Plaintiff fails even to approach meeting this high threshold to set aside the foreclosure sale. And even if Plaintiff was able to meet his burden of proof, his claim still fails because the relief he seeks—a declaration invalidating the sheriff's sale—is improper.

### H.    **Plaintiff Fails To State A Claim For Breach Of Contract**

Plaintiff's claim for breach of contract is based upon a misreading of the Mortgage. Specifically, Plaintiff suggests that Defendants had a duty to keep "the Mortgage and the Note together." Dkt. 1, Ex. 1, Complaint at ¶ 75. That duty does not appear in the Mortgage. Plaintiff's claim is based upon a misreading of ¶ 20 of the Mortgage, which states that: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." **Ex. B**, Mortgage at ¶ 20. This language simply

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

confirms that the Note and Mortgage can be sold and transferred.  There is nothing indicating that the Note and Mortgage must be kept together.  And even if there were, Plaintiff's allegation that the Note and Mortgage were split is conclusory at best, and fails to pass muster under Rule 12(b)(6) pleading standards.  *See Twombly*, 550 U.S. at 555; *Ashcroft*, 129 S. Ct. at 1949-50.

## I.     Plaintiff Fails To State A Claim For Conversion

Plaintiff's conversion claim fails because Plaintiff does not allege that any of the Defendants converted personal property belonging to Plaintiff.  Rather, Plaintiff bases his claim on alleged conversion of the Note.

### 1.     Common Law Conversion

The tort of common law conversion is "any distinct act of domain **wrongfully** exerted over another's personal property in denial of or inconsistent with the rights therein."  *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 111; 593 NW2d 595 (1999) (emphasis supplied)  To prove a cause of action for conversion, the plaintiff must establish two elements: "first, that the taking is without the rightful owner's consent, and second; that the alleged converter substantially interfered with the owner's use of the property."  *In re Talla*, 34 BR 927, 929 (1983) (emphasis supplied) (citing *Felcher v McMillan*, 103 Mich 494; 61 NW 791 (1894)).

Plaintiff fails to state a claim for common law conversion because the Note was not personal property belonging to Plaintiff.  Rather Plaintiff, as maker of the Note, granted the Note to the Lender (Bergin).  Plaintiff had not right to possess the Note, and the Note certainly was not Plaintiff's personal property.  Thus, Plaintiff fails to state a claim for common law conversion.

### 2.     Statutory Conversion

Likewise, Plaintiff's claim for statutory conversion also fails.  Statutory conversion consists of "buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property."  M.C.L. § 600.2919a.  Plaintiff's claim fails because the Note is not stolen,

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

embezzled or converted property, and Plaintiff does not allege any facts that would lead to a contrary conclusion.  Thus, Plaintiff's claim for conversion should be dismissed.

**J.      Plaintiff's Remaining Claims Fail Because U.S. Bank Was Entitled To Foreclose**

Plaintiff does not contest that U.S. Bank was entitled to foreclose the Mortgage.  M.C.L. § 600.3204 governs foreclosures by advertisement and states in part:

(1) Subject to subsection (4), a party may foreclose a mortgage by advertisement if all of the following circumstances exist:

(a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.

(b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.

(c) The mortgage containing the power of sale has been properly recorded.

(d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

*** 

(3) If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

The foreclosure of the Mortgage was conducted in compliance with M.C.L. § 600.3204. Specifically, the foreclosure was commenced on March 3, 2011, which is when the first notice of the foreclosure sale was published.  **Ex. D**, Sheriff's Deed at p. 5 of 10.  On that date, Plaintiffs were in default of the Mortgage since they failed to make their required Loan payments.  The Mortgage, which was properly recorded on May 6, 2005, contained a power of sale.  **Ex. B**, Mortgage at p. 3 and ¶ 22.  There were no pending actions to collect the outstanding amounts due under the Note.  **Ex. D**, Sheriff's Deed.  Finally, the party foreclosing the Mortgage—U.S.

Bank—was the mortgagee of the Mortgage, and was, therefore, entitled to foreclose.  **Ex. C**, Assignment.  *See also Residential Funding Co. LLC v. Saurman*, 490 Mich. 909; 805 N.W.2d 183 (2011) ("*Saurman*") ("as record-holder of the mortgage, MERS owned a security lien on the properties" and that lien is an interest that "authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d).") (unpublished **Ex. L**).  Therefore, the requirements of M.C.L. §§ 600.3204(1) and (3) were met, and Plaintiff's claims should be dismissed.

## IV.    CONCLUSION

For these reasons, Defendants request this Court to enter an order:  (i) dismissing all of Plaintiff's claims with prejudice; (ii) awarding Defendants their costs and fees, including attorneys fees, incurred in having to defend this action; and (iii) granting Defendants any such other relief as the Court deems necessary or appropriate.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ Michael J. Blalock_____
    Thomas M. Schehr (P54391)
    Michael J. Blalock (P68969)
    Attorneys for Mortgage Electronic
    Registration Systems, Inc. and U.S. Bank,
    National Association
    39577 Woodward Avenue, Suite 300
    Bloomfield Hills, MI  48304-5086
    (248) 203-0700
    tschehr@dykema.com
Date: December 12, 2011    mblalock@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Brian P. Parker, Timothy B. Myers and Jeffrey T. Goudie.

/s/ Michael J. Blalock
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304-5086
(248) 203-0566 / Fax (248) 203-0763
Email:  mblalock@dykema.com
P68969

BH01\1443061.3
ID\MJBL - 086797/0999

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304