UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. CONLIN,

      Plaintiff,

                                   Case No. 11-15352

v.

                                   Hon. John Corbett O'Meara

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. *et al.,*

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR REMAND

      Before the court is Plaintiff's motion for temporary restraining order, filed December 9, 2011.  The court heard oral argument on December 14, 2011, and denied Plaintiff's motion.  Plaintiff also filed a motion to remand on December 13, 2011; consistent with the court's determination that it has jurisdiction in this matter, Plaintiff's motion to remand is also denied.

## BACKGROUND FACTS

      This case involves real property located at 1304 Belmar Place, Ann Arbor, Michigan.  Plaintiff obtained a refinancing loan for the property in the amount of $240,000 on April 8, 2005, from Bergin Financial, Inc.  As security, Plaintiff granted a mortgage on the on the property in favor of MERS as nominee for Bergin.  On March 15, 2008, the mortgage was assigned to U.S. Bank.

      Plaintiff defaulted on the loan and U.S. Bank proceeded with foreclosure by advertisement.  The property was sold at a sheriff's sale on March 31, 2011.  U.S. Bank purchased the property for $159,200.  Plaintiff did not attempt to redeem the property before the

six-month redemption period expired on September 30, 2011.

Plaintiff filed this action in Washtenaw County Circuit Court on October 28, 2011, against MERS, U.S. Bank, and U.S. Bank's foreclosure counsel, Orlans Associates, P.C., and Marshall Isaacs. Defendants MERS and U.S. Bank timely removed this matter to this court on December 6, 2011. Defendants allege that jurisdiction is based upon diversity, despite the fact that Plaintiff, Orlans Associates, and Marshall Isaacs are Michigan citizens. Defendants contend that Orlans Associates and Marshall Isaacs are not real parties in interest and were fraudulently joined to defeat diversity, so that they should be disregarded for purposes of determining jurisdiction.

Plaintiff seeks a temporary restraining order enjoining eviction proceedings that are going forward in state district court. A hearing in the eviction case is set for December 15, 2011. After this matter was removed, Washtenaw County Circuit Judge Shelton entered a temporary restraining order enjoining the eviction proceedings. That order is without effect, given that the case was removed before it was entered. Accordingly, Plaintiff seeks the same relief here.

## LAW AND ANALYSIS

### I.   Jurisdiction

This court has diversity jurisdiction in this matter only if it disregards Orlans Associates, P.C., and Marshall Isaacs as fraudulently joined. A party is "nominal" and its citizenship is disregarded for purposes of determining diversity if a plaintiff cannot establish a cause of action against that party under state law. See Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). In cases challenging mortgage foreclosures such as this one, a plaintiff does not have a cause of action against foreclosure counsel, who serves as an agent for the bank. Here, Orlans

Associates, P.C., and Marshall Isaacs served as agents for U.S. Bank.  Plaintiff's state law

claims, if any, are against the principal, U.S. Bank, not the agents.  See Estate of Jerry Malloy v.

PNC Bank, 2011 WL 4485088 (E.D. Mich. Sept. 27, 2011) (Edmunds, J.) (no claim against

foreclosure counsel); Casey v. Auto Owners Ins. Co., 273 Mich. App. 388, 402-403 (2006)

(attorneys owe no legal duty to adverse party under Michigan law).  Accordingly, the court finds

that Orlans Associates and Isaacs were fraudulently joined and that it has diversity jurisdiction.

See Malloy, supra, at *1; Yuille v. Trott and Trott, P.C., No. 11-10584, at 2-23 (E.D. Mich. Mar.

30, 2011) (Friedman, J.).

## II.      **Plaintiff's Motion for Temporary Restraining Order**

Plaintiff seeks an injunction staying the eviction proceedings in state court.  Plaintiff

contends that he is likely to succeed on the merits of his claims because U.S. Bank "did not take

any interest in Plaintiff's promissory note or mortgage during the purported assignment from

[MERS] . . . . Further, the Assignment of Mortgage may be fraudulent, not only because it

purports to assign a right that MERS cannot assign, but also because the signatures appearing on

the assignment document and other related documents belong to known 'robo-signors,'"

including Defendant Marshall Isaacs. Pl.'s Mot. at ¶ 6.

Plaintiff has not demonstrated that the typical preliminary injunction requirements are

met, such as a likelihood of success on the merits or irreparable harm.  In order for the court to

stay eviction proceedings, Plaintiff should make some showing that he is entitled to the property.

However, he has not disputed that he is in default on the note.  Moreover, Plaintiff lacks standing

to challenge the foreclosure sale because the redemption period has expired, vesting title in the

purchaser.  See Overton v. Mortgage Elec. Reg. Sys., 2009 WL 1507342 (Mich. App. May 28,

2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); <u>Moriarty v. BNC Mortgage, Inc.</u>, 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) (Duggan, J.) (finding that after the redemption period expired, plaintiff lacked standing to challenge the foreclosure/sheriff's sale). Finally, Plaintiff lacks standing to challenge the assignment from MERS to U.S. Bank, because he was not a party to that assignment. <u>See Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC</u>, 2010 WL 4275305 (6th Cir. 2010).

Plaintiff has failed to meet his burden of demonstrating that he is likely to succeed on the merits of this case and that the other preliminary injunction elements weigh in his favor.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for temporary restraining order is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for remand is DENIED.


s/John Corbett O'Meara
United States District Judge

Date:  December 16, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 16, 2011, using the ECF system.


s/William Barkholz
Case Manager