UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. CONLIN,

    Plaintiff,

v.

                                              Case No. 11-15352

                                             Hon. John Corbett O'Meara

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. *et al.*,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTIONS TO DISMISS

Before the court are two motions to dismiss filed by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and U.S. Bank, National Association, and Defendants Marshall Isaacs and Orlans Associates, P.C., which have been fully briefed. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

## BACKGROUND FACTS

This case involves real property located at 1304 Belmar Place, Ann Arbor, Michigan. Plaintiff Michael J. Conlin obtained a refinancing loan for the property in the amount of $240,000 on April 8, 2005, from Bergin Financial, Inc. See Defs.' Ex. A. As security, Plaintiff granted a mortgage on the on the property in favor of MERS as nominee for Bergin and its "successors and assigns." Defs.' Ex. B. The mortgage gave MERS the right to foreclose and sell the property. Id. On March 15, 2008, the mortgage, "together with the note," was assigned to U.S. Bank. Defs.' Ex. C. The assignment of mortgage was recorded on May 20, 2008. Id.

Plaintiff defaulted on the loan and U.S. Bank proceeded with foreclosure by

advertisement.  The property was sold at a sheriff's sale on March 31, 2011.  U.S. Bank purchased the property for $159,200.  Plaintiff did not attempt to redeem the property before the six-month redemption period expired on September 30, 2011.

## LAW AND ANALYSIS

### I.    Standard of Review

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks to have the complaint dismissed based upon the plaintiff's failure to state a claim upon which relief can be granted. The court must "accept all the ... factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[ ]." Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (internal quotation marks omitted).  "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir.1999) (internal quotation marks omitted). "[E]ven though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### II.   Standing

Plaintiff alleges the following claims in his complaint: Count I, fraud (related to the assignment of mortgage from MERS to U.S. Bank); Count II, fraud (related to "robosigning" of other affidavits and assignments); Count III, violation of M.C.L. § 600.3205a; Count IV, quiet

title; Count V, breach of mortgage contract; Count VI, conversion; Count VII, defendants are not holders of the original notes; and Count VIII, defendants are not real parties in interest. Plaintiff seeks a declaration from the court that the foreclosure sale is void, in addition to damages. Defendants have moved to dismiss the complaint in its entirety.

The court finds that dismissal is appropriate because Plaintiff lacks standing to challenge the foreclosure sale after the expiration of the redemption period. See e.g., Overton v. Mortgage Elec. Reg. Sys., 2009 WL 1507342 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); Moriarty v. BNC Mortgage, Inc., 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) (Duggan, J.) (finding that after the redemption period expired, plaintiff lacked standing to challenge the foreclosure/sheriff's sale); Luster v. MERS, Inc., 2012 WL 124967 at *2 (E.D. Mich. Jan. 17, 2012) (Rosen, C.J.) (noting that Michigan law "bar[s] former owners from making any claims with respect to foreclosed property after the end of the redemption period").

In order to overcome this hurdle and toll the redemption period, Plaintiff must demonstrate fraud or irregularity in connection with the foreclosure sale. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Overton, 2009 WL 1507342 at *1 (citation omitted).

Plaintiff contends that the assignment of mortgage and note from MERS to U.S. Bank is fraudulent because it contains "robosigned" or forged signatures, because MERS did not have an ownership interest in the note, so it could not properly assign it, and because MERS did not have the authority to assign the mortgage.

-3-

Plaintiff's claims of fraud fail for several reasons. First, in general, a non-party lacks standing to challenge the validity of an assignment. See Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 717 F. Supp.2d 724, 735 (E.D. Mich.) (Feikens, J.), aff'd, 399 Fed. Appz. 97 (6th Cir. 2010), cert. denied, 131 S.Ct. 1696 (2011) ("Borrower disputes the validity of the assignment on several grounds. . . . But, as a non-party to those documents, it lacks standing to attack them."). Plaintiff contends that, under Livonia, he "may assert certain defenses that render an assignment absolutely invalid (such as nonassignability of the right assigned). . . ." Id. "Nevertheless, a non-party to an assignment may not challenge the assignment if the assignor and assignee do not contest the document and act in accordance with it." Cable v. MERS, Inc., 2012 WL 642129 at * 3 (E.D. Mich. Feb. 28, 2012) (Borman, J.) (Cable I). Here, no party to the assignment has challenged it.

Plaintiff asserts that he is entitled to challenge the assignment because he may be subject to double liability from the "actual note holder (a New York trust) and the fictional note holder (U.S. Bank)."-= Again, however, the parties to the assignment have not challenged its validity. Further, there is no allegation that anyone else has attempted to collect on the note, which has been in default for over two years. Plaintiff's contention that he may be subject to double liability is mere conjecture, unsupported by any concrete factual allegations. See Cable v. MERS, Inc., 2012 WL 2374236 at *3-4 (E.D. Mich. June 22, 2012) (Borman, J.) (Cable II); Thomas v. MERS, Inc., 2012 WL 834688 at * (E.D. Mich. Mar. 13, 2012) (Edmunds, J.) ("Because Plaintiff cannot establish any risk of having to pay the same debt twice, it is well-established under Michigan law that Plaintiff lacks standing to challenge the validity of an assignment of which she is not a party.").

Plaintiff's contention that MERS did not have the authority to assign the mortgage is similarly unpersuasive and has been rejected repeatedly by judges in this district. See, e.g., Cable II, 2012 WL 2374236 at *4; Cable I, 2012 WL 642129 at *3 (noting that "the Michigan Court of Appeals has recognized that, where the mortgage documents grant MERS the power to assign, assignments by MERS are valid").

In short, Plaintiff lacks standing to challenge either the foreclosure sale or the assignment of mortgage from MERS to U.S. Bank. As a result, his complaint cannot survive Defendants' motions to dismiss.

## ORDER

IT IS HEREBY ORDERED that Defendants' motions to dismiss [docket nos. 7 and 18] are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED.


        s/John Corbett O'Meara
        United States District Judge

Date: July 20, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 20, 2012, using the ECF system.

        s/William Barkholz
        Case Manager